# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**West Virginia Heating & Plumbing Co.,**
**Employer Below, Petitioner**

**v.)**   **No. 24-446**  (JCN:  2021022612)
                        (ICA No. 23-ICA-559)

**Tyler J. Carroll,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner West Virginia Heating & Plumbing Co. appeals the May 29, 2024, decision of the Intermediate Court of Appeals of West Virginia ("ICA"). *See Carroll v. W.Va. Heating & Plumbing Co.*, 249 W. Va. 759, 901 S.E.2d 715 (Ct. App. 2024). Respondent Tyler J. Carroll filed a timely response.[1] The issue on appeal is whether the ICA erred in reversing the November 27, 2023, decision of the West Virginia Workers' Compensation Board of Review. The Board of Review affirmed the claim administrator's denial of compensability of a claim, in which the claimant was struck by a vehicle while he was rendering aid to a driver whose vehicle had already crashed during the claimant's return trip to Charleston, West Virginia, from a two-day job assignment in Pittsburgh, Pennsylvania.[2]

The employer asserts that the ICA improperly found the claimant was injured as a result of his employment. The employer argues that the ICA committed an error of law, relying upon general agency principles to erroneously deem the claimant's supervisor the authorized agent of the employer[3] and to bring the claimant's attempt to render aid within the scope of his employment when the motor vehicle accident had nothing to do with the claimant's job. The claimant counters by arguing that the Board of Review was not clearly wrong in finding that the claimant had implicit authorization from his supervisor to exit the employer's van to render aid to the driver of the first

---

[1] The employer is represented by counsel Charity K. Lawrence. The claimant is represented by counsel Cynthia M. Ranson and J. Michael Ranson.

[2] The accident occurred in West Virginia on Interstate 79 near the Sutton exit.

[3] The claimant was an apprentice, and his supervisor was a journeyman with the Plumbers & Pipefitters Union, Local # 625. Both the supervisor and the employer's president testified that a journeyman supervises an apprentice.

vehicle when the claimant was struck by the second vehicle.[4] Based upon the Board's finding that the claimant had implicit authorization for his actions, the claimant argues that the ICA did not err in reversing the Board's decision and holding the claim compensable. In its reply, the employer argues that the ICA erred in reversing the Board's decision, which found that the claim was not compensable.

This Court reviews questions of law de novo, while we accord deference to the Board of Review's findings of fact unless the findings are clearly wrong. Syl. Pt. 3, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024). Upon consideration of the record and briefs, we find no reversible error and therefore summarily affirm. *See* W. Va. R. App. P. 21(c).

Affirmed.

**ISSUED: April 22, 2025**

**CONCURRED IN BY:**

Chief Justice William R. Wooton
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice C. Haley Bunn
Justice Charles S. Trump IV

---

[4] The evidence shows that the claimant, who was driving, was able to evade the accident and pull over onto the shoulder of the interstate. Thereafter, the claimant and his supervisor both simultaneously exited the employer's van to render aid. The claimant rushed to the driver's door of a disabled pickup truck, and the supervisor went to the rear of the employer's van with his cell phone flashlight to warn any oncoming vehicles. While the claimant was attempting to render aid to the driver of the truck, an uninsured 2013 Chevrolet Cruise, traveling at high speed, struck him.